DUFIEF
v)
BOYKIN.

---

PRESIDENT AND DIRECTORS OF THE BANK OF LOUISIANA *v.* CHRISTOPHER FORD.—LOUISA W. FORD, Executrix, Opponent.—HEWITT & HERAN Plaintiffs in Monition and Appellants.

F. died, leaving a will, by which he constituted Mrs. F. his executrix and univeral legatee. She qualified as executrix—but took no other judicial proceedings—subsequently as heir, she sold to J. her interest in the estate, warranting the title to the property; J. covenanting to pay the debts, and gave him a full power of attorney to administer and sell. At a sale of the property provoked by a mortgage creditor, H. & H. became the purchasers, for $66,000. The executrix opposed the sale. *By the Court.*—It does not appear that the succession is insolvent, and the debts to the unpaid creditors appear to amount to not more than $4,000. None of them are personally parties to this controversy, nor does the evidence satisfy us that their interests would be promoted by opening the sale. Under these circumstances, we think it would be inequitable to permit the sale to be questioned by the executrix.

APPEAL from the Fifth District Court of New Orleans, *Livingston*, J. *Poole & Roselius*, for opponent. *Illsley, G. B. Duncan*, and *G. Eustis*, for appellant.

SLIDELL, C. J. (VOORHIES, J., and BUCHANAN, J., absent.) *Hewitt & Heran* are the bona fide purchasers at a judicial sale of a plantation and slaves. The sale was effected at the instance of a mortgage creditor. The price at which it was adjudicated was $66,000, which appears to have been a fair one. This price has been paid to the mortgage creditors, and the purchasers having gone into possession have expended a large amount of money, say $40,000, in improvements of the estate. No one objects to this sale but Mrs. *Ford*, in her capacity of testamentary executrix, and her opposition rests upon alleged informalities in the proceedings.

The only point which we deem it necessary to direct our attention is, whether under the circumstances, Mrs. *Ford*, in her capacity of executix, should be heard to question the regularity of this sale.

Her husband, *Ford*, the mortgage debtor, died leaving a will by which he made Mrs. *Ford* his sole universal legatee, and appointed her executrix, but without giving her seizin as such. She had the will probated and received letters in April, 1850; but took no other judicial proceedings, not even making an inventory, and has left the State permanently. As heir, she took possession of the estate, and in November, 1850, sold to one *Jiter*, her interest as heir for $5000, she warranting the title of all the property, and he covenanting with her to pay all the debts. On the same day, in her capacity of sole heir and executrix, she gave him a full power of attorney to administer, sell and dispose of all the property of the succession. Soon afterwards, the Bank of Louisiana took out an order of seizure and sale on its mortgage, and the property was adjudicated at Sheriff's sale to *Jiter* for $70,000; but he not complying with the

39

terms of his bid, it was adjudicated to *Hewitt & Heran* for $66,000, who settled with the mortgage creditors and went into possession as above stated. It does not appear that the succession is insolvent, and the debts to unpaid creditors appear to amount to not more than $4000. None of them are personally parties to this controversy, nor does the evidence satisfy us that their interests would be promoted by opening the sale.

Under these circumstances we think it inequitable to permit this sale to be questioned by the executrix, whom we consider as merely attempting to aid *Jiter*, her vendee and agent, in a speculation at the expense of these bona fide purchasers, under the guise of representing a small minority of the creditors whom she personally and *Jiter* are bound to pay. It is obvious under the facts above stated, that neither of them, *Jiter* and Mrs. *Ford*, would be permitted personally to question the sale on the score of the alleged informalities.

It is therefore decreed that the judgment of the District Court upon the opposition of said *Louisa Ford*, testamentary executrix of *Christopher Ford's* will, be reversed, and that said opposition be dismissed, the costs thereof in both courts to be paid by said opponent. This decree being made without prejudice to the rights of creditors of said succession, if any they have, to sue for the recission of said judicial sale.